**Chen QIZENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales Respondents.**

**No. 04–3458–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 13, 2006.

Dehai Zhang, Queens, New York, for Appellant.

Rod J. Rosenstein, U.S. Atty. for the District of Maryland, Neil R. White, Asst. U.S. Atty., Baltimore, Maryland, for Appellee.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the order of the

Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Chen, Qizeng ("Chen"), through counsel, petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

We review an IJ's factual findings under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past persecution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Liao v. United States Dep't of Justice,* 293 F.3d 61, 66 (2d Cir.2002).

The IJ's decision to deny Chen relief was supported by substantial evidence. The IJ listed seventeen specific, cogent reasons for finding Chen's testimony incredible, including, *inter alia:* (1) Chen's asylum application and addendum failed to mention several crucial facts, including that he had participated in a traditional marriage ceremony with his girlfriend and that his girlfriend had gone to a doctor and to the hospital for prenatal examinations; (2) Chen contradicted himself at the hear-ing with respect to whether he was a student in February 2000 and whether he had planned to leave China before his girlfriend's alleged abortion; and (3) Chen mistakenly identified the date of his traditional marriage as a Saturday, when it was, in fact, a Sunday in China. The first item is especially significant because the IJ's disbelief about an alleged marriage undermined Chen's entire claim of persecution. Contrary to Chen's argument on appeal, the IJ did not fail to consider the marriage just because the Chinese authorities would not register it; he simply did not believe, with justification, that any marriage had occurred.

Because Chen failed to establish entitlement to asylum, his claim for withholding of removal necessarily fails. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Furthermore, Chen has waived any argument with respect to the adverse credibility determination by failing to challenge it in his brief to this Court, and likewise has abandoned any challenge with respect to the IJ's finding on the CAT claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005) (Issues not sufficiently argued in briefs are considered waived on appeal).

For these reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).